UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WACHOVIA BANK, NATIONAL ASSOCIATION and WACHOVIA CAPITAL MARKETS LLC,

        Plaintiffs,

-against-

VCG SPECIAL OPPORTUNITIES MASTER FUND, LTD. (f.k.a. CDO Plus Master Fund Ltd.),

        Defendant.

No. 08 CV 5655 (LTS)(AJP)

**ANSWER AND AFFIRMATIVE DEFENSES**

---

    Defendant VCG Special Opportunities Master Fund Limited f/k/a CDO Plus Master Fund Limited ("VCG"), through its attorneys, answers the Complaint in this action as follows:

    1.    Admits that it initiated an (i) arbitration against Wachovia Capital Markets LLC before the Financial Industry Regulatory Authority ("FINRA") (the "Arbitration"), and (ii) action against Wachovia Bank, National Association in this Court (the "SDNY Action"), but otherwise denies the allegations in paragraph 1 of the Complaint.

    2.    Admits that the Arbitration and SDNY Action generally relate to a credit default swap transaction entered into between VCG and Wachovia Bank, National Association, but denies that the Arbitration and SDNY Action seek redress for the same harms committed by the same entities.

    3.    Admits the allegations in paragraph 3 of the Complaint, except denies the allegations of the last sentence of paragraph 3 of the Complaint.

    4.    Denies the allegations in paragraph 4 of the Complaint.

    5.    Denies the allegations in paragraph 5 of the Complaint.

{00374174.DOC;}

6. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 7 of the Complaint. Admits the second sentence of paragraph 7 of the Complaint.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Admits the allegations in paragraph 9 of the Complaint.

10. Admits that it is a hedge fund, but otherwise denies the allegations of paragraph 10 of the Complaint.

11. The allegations in paragraph 11 of the Complaint set forth legal conclusions and require no response.

12. The allegation in paragraph 12 of the Complaint sets forth a legal conclusion and requires no response.

13. Denies the allegations in paragraph 13 of the Complaint.

14. With respect to the allegations contained in paragraph 14 of the Complaint, admits that Wachovia Bank, National Association and VCG entered into a contract on or about May 21, 2007 concerning a credit default swap, and respectfully refers the Court to the contract for its terms and conditions.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

17. With respect to the allegations contained in paragraph 17 of the Complaint, admits that Wachovia Bank, National Association and VCG entered into a contract on or about

May 21, 2007 concerning a credit default swap, and respectfully refers the Court to that contract for a complete recitation of its terms and conditions.

18.     With respect to the allegations contained in paragraph 18 of the Complaint, admits that Wachovia Bank, National Association and VCG entered into a contract on or about May 21, 2007 concerning a credit default swap, and respectfully refers the Court to that contract for a complete recitation of its terms and conditions.

19.     Denies the allegations in paragraph 19 of the Complaint.

20.     Denies the allegations in paragraph 20 of the Complaint.

21.     Admits that it commenced an action against Wachovia Bank, National Association in New York State Supreme Court, but otherwise denies the allegations in paragraph 21 of the Complaint.

22.     Admits the allegations in paragraph 22 of the Complaint.

23.     Admits the allegations in paragraph 23 of the Complaint.

24.     Admits the allegations in paragraph 24 of the Complaint, and respectfully refers the Court to its Amended Complaint for a complete recitation of its contents.

25.     Admits the allegations in paragraph 25 of the Complaint, but denies that the counterclaim has any merit.

26.     Admits the allegation in paragraph 26 of the Complaint.

27.     Admits the allegation in paragraph 27 of the Complaint.

28.     Admits the allegation in the first sentence of paragraph 28 of the Complaint. Denies the allegations in the second sentence of paragraph 28 of the Complaint, and further asserts that while VCG has complied with document requests, answered interrogatories and produced its witnesses pursuant to Rule 30(b)(6), as of the date of this Answer, Wachovia has

not produced a single document in discovery and has objected to numerous requests for material information.

29. Denies the allegation in paragraph 29 of the Complaint.

30. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 30 of the Complaint, but admits that it initiated the Arbitration on or about May 1, 2008.

31. Admits the allegations in paragraph 31 of the Complaint, and respectfully refers the Court to its Statement of Claim for a complete recitation of its contents.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Admits that it has extended Wachovia Capital Markets LLC's time to respond to its Statement of Claim in the Arbitration, and to stay all other events and deadlines in the Arbitration, pending the resolution of Plaintiffs' Motion for Preliminary Injunction (the "Motion"). In the event VCG prevails on the Motion, Wachovia Capital Markets LLC will have at least two weeks after the decision so holding to file its response to VCG's Statement of Claim.

34. Admits that the Arbitration and SDNY Action generally relate to a credit default swap transaction entered into between VCG and Wachovia Bank, National Association, but denies that the Arbitration and SDNY Action seek redress for the same harms committed by the same entities.

35. Repeats and realleges its responses to paragraphs 1 through 34 of the Complaint as if set forth at length herein.

36. The allegations in paragraph 36 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. The allegations in paragraph 38 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Repeats and realleges its responses to paragraphs 1 through 38 of the Complaint as if set forth at length herein.

40. The allegations in paragraph 40 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The allegations in paragraph 41 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

WHEREFORE, Defendant denies all allegations set forth in the Complaint that have not been expressly answered above, denies that Plaintiffs are entitled to any relief whatsoever, and respectfully requests judgment dismissing Plaintiffs' Complaint with prejudice and with such costs and attorneys' fees as may be allowed by law, and any further legal and equitable relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof or persuasion as to such defenses that would otherwise rest on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of unclean hands and bad faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of their fraud.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Wachovia Capital Markets LLC's breaches of FIRNA Conduct Rules.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Wachovia Capital Markets LLC is obligated to arbitrate its customer's (*i.e.*, VCG's) dispute pursuant to the FINRA Code of Arbitration Procedure for Customer Disputes.

### DEFENSES RESERVED

The foregoing affirmative defenses are raised by Defendant without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. Defendant hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

Dated:   New York, New York
         July 28, 2008

DREIER LLP

By: _____
    Joshua H. Epstein (JE 2187)
    Alan S. Gruber (AG 3086)
499 Park Avenue
New York, New York 10022
(212) 328-6100
jepstein@dreierllp.com
agruber@dreierllp.com

*Attorneys for Defendant*