UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION and WACHOVIA CAPITAL MARKETS LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>VCG SPECIAL OPPORTUNITIES MASTER FUND, LTD. (f.k.a. CDO Plus Master Fund Ltd.),<br><br>Defendant. | No. 08 CV 5655 (LTS)(AJP)<br><br>**PRELIMINARY PRE-TRIAL STATEMENT** |

Pursuant to the Court's Initial Conference Order, dated July 7, 2008, Plaintiffs Wachovia Bank, National Association ("WBNA") and Wachovia Capital Markets LLC ("WCM") (collectively, "Wachovia"), and Defendant VCG Special Opportunities Master Fund Limited f/k/a CDO Plus Master Fund Limited ("VCG"), submit this Preliminary Pre-Trial Statement. The counsel identified below conferred as required by Fed R. Civ. P. 26(f) on July 24, 2008 and subsequently prepared the following report.

The pre-trial conference in this matter is scheduled for August 15, 2008 at 12:00 p.m.

**4(a)    Statement as to the Nature of this Action:**

This is an action seeking to permanently enjoin an arbitration commenced by VCG against Wachovia Capital Markets LLC before the Financial Industry Regulatory Authority ("FINRA"), captioned *VCG Special Opportunities Master Fund LTD. f/k/a CDO Plus Master Fund Ltd. v. Wachovia Capital Markets LLC*, FINRA Dispute Resolution Arbitration Number 08-01420 (the "Arbitration"). Plaintiffs' Complaint alleges claims for a permanent injunction, pursuant to 28 U.S.C. § 1651, and declaratory judgment, pursuant to 28 U.S.C. § 2201.

**4(b)  Basis of this Court's Jurisdiction:**

The parties agree that this Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332. VCG is a citizen of a foreign state, organized and existing under the laws of Jersey, the Channel Islands. WBNA, a wholly owned subsidiary of Wachovia Corporation, is a national banking association organized under the laws of the United States, with its principal place of business located at 301 South College Street, Charlotte, North Carolina. WCM is also a wholly owned subsidiary of Wachovia Corporation, with its principal place of business located at 301 South College Street, Charlotte, North Carolina. The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

**4(c)  Material Uncontested Facts:**

The parties agree that WCM is a registered broker dealer and a member of FINRA.

The parties agree that VCG and WBNA entered into a Credit Derivative Transaction on Collateralized Debt Obligation with Pay-As-You-Go or Physical Settlement (the "Agreement" or "Trade"). The Initial Face Amount of the Trade was $10,000,000, and the Notional Amount of the Trade was defined in section 1 of the Trade Confirmation. The Reference Entity is defined in the Trade Confirmation as Forge ABS High Grade CDO LTD 2007-1A, and the Reference Obligation is Class B Fifth Priority Senior Secured Floating Rate Notes Due 2053. The trade date of the Transaction was May 21, 2007.

**4(d), (e)  Statement of Contested and Uncontested Legal Issues:**

The parties agree that the FINRA (formerly NASD) Code of Arbitration Procedure governs FINRA Arbitrations.

The principal legal issues to be decided by the Court are whether: (i) VCG is a customer of WCM, within the meaning of the NASD Code of Arbitration; (ii) VCG waived any right to

invoke a FINRA Arbitration by filing a civil action against WBNA, *CDO Plus Master Fund Ltd. v. Wachovia Bank, National Association*, Civil Action No. 07 CV 11078 (LTS) (AJP) (the "SDNY Action"); (iii) VCG disclaimed any claims against WCM in the written Agreement; and (iv) this Court may enjoin the FINRA Arbitration.

### 4(f)    Material Disputed Facts

#### Plaintiffs' Statement of Material Disputed Facts:

Wachovia asserts that no agreement to arbitrate or customer relationship exists between WCM and VCG. Wachovia further asserts that VCG's FINRA Arbitration demand is an attempt to force the parties to litigate the same factual dispute simultaneously in two different jurisdictions. And, Wachovia asserts that VCG waived any right to invoke a FINRA Arbitration (i) by the explicit terms of the written Agreement and (ii) by filing the SDNY Action.

#### Defendant's Statement of Material Disputed Facts:

Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes states that parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:
  - Required by a written agreement, *or*
  - Requested by the customer;
- The dispute is between a customer and a member or associated person of a member; and
- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

Thus, under the Rule, customers can compel registered members of FINRA to arbitrate certain disputes even when no written arbitration agreement exists.

WCM, as a FINRA member, is legally bound by FINRA rules. As a result, Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes requires WCM to arbitrate any dispute with a customer arising in connection with WCM's business if that customer requests arbitration regardless of what any other agreement may (or may not) say. In other words, FINRA requires arbitration—there is no discretion—and no agreement is required between the parties to the arbitration before a non-member may invoke FINRA Rule 12200.

Defendant asserts that it is WCM's customer, because: (i) the parties have maintained a continuous customer/broker relationship, (ii) during the course of that relationship WCM regularly offered VCG the opportunity to participate in investment transactions involving collateralized debt obligations, (iii) WCM regularly advised VCG regarding the risks and benefits associated with these investment transactions, and (iv) WCM offered the credit default swap at issue ("CDS") to VCG, advised VCG with respect to the risks and rewards associated with that CDS, and set the terms of the relevant CDS transaction.

In other words, because VCG is a customer of WCM, and has demanded arbitration in connection with a dispute arising from WCM's business, WCM must participate in the Arbitration. Indeed, the Arbitration is the *only* forum where VCG may seek redress for WCM's violations of FINRA's Conduct Rules. As a result, VCG properly commenced the Arbitration and it should be permitted to proceed.

Defendant asserts that while the instant action and the SDNY Action generally relate to the same credit default swap transaction, each seeks redress for distinct harms committed by different entities. Specifically, the Arbitration alleges violations of FINRA Conduct Rules concerning WCM's recommendation and setting of the credit default swap's terms. These claims arose well *before* the acts giving rise to the SDNY Action, which relates to Wachovia

Bank, National Association's demands for money *after* the parties entered into the credit default swap.

**4(g)** **Legal Basis of Each Cause of Action:**

Plaintiffs' claims arise under equity and/or the common law of New York, as interpreted by the state and federal courts, and under 28 U.S.C. § 1651 and 28 U.S.C. § 2201.

**4(h)** **Legal Bases for Each Defense Asserted or Expected to be Asserted**

**Defendant's Defenses:**

VCG expects to raise, *inter alia*, the defense that Plaintiffs' claims are barred because of WCM's breaches of FINRA Conduct Rules, which obligate WCM to arbitrate its customer's (*i.e.*, VCG's) dispute pursuant to the FINRA Code of Arbitration Procedure for Customer Disputes. The Arbitration and the SDNY Action seek relief for distinct harms committed by different entities. Indeed, the Arbitration is the only forum where VCG can obtain the relief it seeks.

**4(i)** **Measure and Burden of Proof:**

Plaintiffs bear the burden of proof as to all of their claims and the measure of proof is a preponderance of the evidence.

**4(j)** **Amendments to Pleadings/Joinder of Parties:**

The parties do not anticipate any amendments or joinder of additional parties at this time, however, both parties reserve the right to seek amendment and/or joinder pursuant to Rule 15.

**4(k)** **Transfer of case to Magistrate Judge:**

The parties do not consent to the referral of this action to a Magistrate Judge for all purposes.

**4(l)** **Initial Disclosures Under Fed. R. Civ. P. 26(a):**

The parties agree to exchange initial discovery as provided in Rule 26(a)(1) on or before September 19, 2008.

**4(m)** **Subjects on Which Disclosure May be Needed/Discovery Cut-Off:**

**Plaintiffs**: Plaintiffs' subjects of discovery likely will include: the allegations set forth in Plaintiffs' complaint and Defendant's answer; VCG's relationship with its investment manager; and the allegations set forth in VCG's FINRA Arbitration Demand regarding VCG's purported relationship with WCM.

Plaintiffs propose that non-expert discovery be completed by January 30, 2009.

**Defendant**: Defendant's subjects of discovery will likely include: (i) the allegations and claims set forth in Plaintiff's Complaint; (ii) the customer relationship between VCG and WCM; (iii) the opening of accounts by VCG with Wachovia Corporation in May 2007 and WCM in March 2007; and (iv) the duties and responsibilities of certain WCM employees.

Defendants propose that non-expert discovery be completed by March 30, 2009.

**4(n)** **Expert Evidence:**

Plaintiffs anticipate engaging one or more expert witnesses.

Plaintiffs propose the parties serve initial expert reports no later than February 27, 2009, with rebuttal reports due on March 27, 2009. Expert discovery, including depositions will close on April 30, 2009.

Defendant does not anticipate engaging an expert at this time.

### 4(o)  Changes to Discovery Rules under Fed. R. Civ. P. / Southern District Local Rules:

The parties do not foresee the need for any changes. The parties, however, reserve the right to request amendments to the discovery schedule, including an increase in the number of depositions to be taken should the need arise.

### 4(p)  The Status of Settlement Discussions:

Plaintiffs view settlement as unlikely.

Defendant views settlement as unlikely at this stage of the litigation.

### 4(q)  Jury Trial:

The parties are agreed that this matter will be tried to the Court.

### 4(r)  Other Orders under Fed. R. Civ. P. 26(c), 16(b) or 16(c):

The parties will submit a proposed Confidentiality Agreement and Protective Order for the Court's approval on or before September 30, 2008.

The parties further stipulate hereby that any inadvertent disclosure of privileged documents, whether protected under the Attorney-Client Privilege or the Attorney Work Product Doctrine, shall not constitute a waive of that privilege or of the subject matter of those documents. If either party discovers a document that appears to be subject to Attorney-Client Privilege or the Attorney Work Product rule, it will immediately notify the other party of the Bates number or, if no Bates number appears, sufficient information to identify the document. Both parties agree to return or destroy any privileged material inadvertently disclosed immediately upon notice of such disclosure by the opposing party. The original documents will be returned or destroyed and no copies will be made of inadvertently disclosed materials.

The parties propose that dispositive motions should be filed by June 15, 2009.

Dated:   New York, New York
         August 8, 2008

| HUNTON & WILLIAMS LLP | DREIER LLP |
|---|---|
| By: _____ | By: _____ |
| Shawn Patrick Regan | Joshua H. Epstein (JE 2187) |
| Patrick L. Robson | Alan S. Gruber  (AG 3086) |
| 200 Park Avenue, 52nd Floor | 499 Park Avenue |
| New York, New York 10166 | New York, New York 10022 |
| (212) 309-1000 | (212) 328-6100 |
| sregan@hunton.com | jepstein@dreierllp.com |
| probson@hunton.com | agruber@dreierllp.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |