# DREIER LLP

ATTORNEYS AT LAW



**Joshua H. Epstein** *Partner*
Direct 212 652 3767
jepstein@dreierllp.com



July 30, 2008

**BY HAND**

The Honorable Laura Taylor Swain
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:  *Wachovia Bank, National Association and Wachovia Capital Markets LLC v. VCG Special Opportunities Master Fund, Ltd. f.k.a. CDO Plus Master Fund Ltd.*, Civil Action No. 08-CV-5655 (LTS)(AJP)

Dear Judge Swain:

We represent defendant VCG Special Opportunities Master Fund, Ltd. ("VCG") in the above-referenced action (the "Action"). We write to request the Court's assistance in resolving two issues as to which the parties have been unable to reach agreement: (i) discovery related to plaintiffs' Motion for Preliminary Injunction (the "Motion"), which seeks to enjoin an arbitration pending before the Financial Industry Regulatory Authority ("FINRA"), and (ii) the scheduling of the pre-trial conference.

As set forth below, VCG seeks:

1. Limited discovery in connection with its opposition to the Motion. This discovery is necessary because the threshold issue presented by the Motion is whether VCG is a customer of Wachovia Capital Markets LLC ("WCM"). If so, pursuant to FINRA Rules, WCM must arbitrate a dispute if requested by VCG. Many of the facts relevant to this dispositive issue are in plaintiffs', but not VCG's, possession.

2. An adjournment of the scheduled August 15, 2008 pre-trial conference because of VCG's counsel's previously scheduled family vacation during that week.

VCG has in good faith discussed at length both of these issues with plaintiffs' counsel. Plaintiffs, however, have refused to consent to either point, other than to offer the "compromise"

499 Park Avenue  New York, New York  10022
Telephone 212 328 6100  Facsimile  212 328 6101
Los Angeles · Stamford · Albany
www.dreierllp.com

{00374484.DOC.}

The Honorable Laura Taylor Swain
July 30, 2008
Page 2

of holding the pre-trial conference next week, an impracticable suggestion because of the Court's deadline for filing the preliminary pre-trial statement.

**Background**

Plaintiffs commenced the Action by Summons and Complaint on June 23, 2008, which was referred to Your Honor on the same day as "related" to *CDO Plus Master Fund Ltd. v. Wachovia Bank, National Association*, Civil Action No. 07 CV 11078 (LTS)(AJP) (the "SDNY Action").[1]

On June 26, 2008, plaintiffs filed their Motion.[2] The Motion seeks to enjoin VCG from proceeding with an arbitration against WCM before FINRA, captioned *VCG Special Opportunities Master Fund LTD. f/k/a CDO Plus Master Fund Ltd. v. Wachovia Capital Markets LLC*, FINRA Dispute Resolution Arbitration Number 08-01420 (the "Arbitration"). The parties agreed to work together to reach a mutually agreeable briefing schedule on the Motion. *See* Exhibit A ("Defendant's response to [plaintiffs'] motion for a preliminary injunction is not due pursuant to the automatic requirements of the Federal or Local Rules. We will work with you to come up with a mutually agreeable briefing schedule.").

VCG's position with respect to the Motion (which will be set forth in detail in its forthcoming opposition papers) is that it should be denied because:

- WCM, a registered broker/dealer, is a member of FINRA, the successor regulatory entity to the NASD.

- As a FINRA member, WCM is legally bound by the organization's rules.

- Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes requires WCM to arbitrate any dispute with a customer arising in connection with WCM's business if that customer requests arbitration regardless of what any other agreement may (or may not) say. In other words, FINRA requires arbitration—there is no discretion—its "Rules create enforceable contract rights for non-members in certain specified circumstances. *No agreement is required between the parties to the arbitration* before a non-member may invoke" FINRA Rule 12200. *Spear, Leeds & Kellogg v. Central Life Ass. Co.*, 85 F.3d 21, 26 (2d Cir.

---

[1] Your Honor subsequently accepted the Action as related to the SDNY Action on July 9, 2008. VCG is represented in the SDNY Action by separate counsel. While both the Arbitration and SDNY Action generally relate to the same credit default swap transaction, each seeks redress for distinct harms committed by different entities. Specifically, the Arbitration alleges violations of FINRA Conduct Rules concerning WCM's recommendation and setting of the credit default swap's terms. These claims arose well *before* the acts giving rise to the SDNY Action, which relates to Wachovia Bank, National Association's demands for money *after* the parties entered into the credit default swap.

[2] Plaintiffs' Motion was filed in violation of Sections 2(A)-(B) of Your Honor's Individual Practices. The Motion does not include—nor could it- "a separate paragraph certifying in clear terms that the movants used their best efforts to resolve informally the matters in controversy." Before filing the Motion, plaintiffs never sent a letter outlining their position or sought a telephonic or in-person discussion of the matter with VCG.

{00374484.DOC.}

The Honorable Laura Taylor Swain
July 30, 2008
Page 3

> 1996) ("the arbitration rules of a securities exchange are themselves 'contractual in nature'") (emphasis added).

- VCG is WCM's customer, because: (i) the parties have maintained a continuous customer/broker relationship, (ii) during the course of that relationship WCM regularly offered VCG the opportunity to participate in investment transactions involving collateralized debt obligations, (iii) WCM regularly advised VCG regarding the risks and benefits associated with these investment transactions, and (iv) WCM offered the credit default swap at issue ("CDS") to VCG, advised VCG with respect to the risks and rewards associated with that CDS, and set the terms of the relevant CDS transaction.

In other words, because VCG is a customer of WCM, and has demanded arbitration in connection with a dispute arising from WCM's business, WCM must participate in the Arbitration. Indeed, the Arbitration is the *only* forum where VCG may seek redress for WCM's violations of FINRA's Conduct Rules.

**VCG Is Entitled to Discovery Related to the Motion**

As noted above, the critical issue presented by the Motion is whether VCG is a customer of WCM. Plaintiffs expressly deny this fact. *See, e.g.*, Pls. Motion at 9 ("[VCG] is not a customer of WCM and therefore there is no actual or implied agreement between the parties to arbitrate their disputes."); Compl. ¶ 5 ("Defendant was not a customer of WCM when it entered into the CDS Trade."). Much of the information relevant to this dispositive issue (*e.g.*, documents relating to VCG opening an account with WCM in March 2007, documents sufficient to show which Wachovia entity employed the individuals VCG dealt with in connection with the CDS) is in plaintiffs', but not VCG's, possession. As a result, VCG's ability to oppose the motion will be severely hampered if it cannot conduct discovery on this issue before filing its opposition. In that regard, we advised plaintiffs' counsel by letter on July 9, 2008 of the limited discovery VCG seeks in connection with its opposition to the Motion. *See* Exhibit B. VCG received no written response from plaintiffs to this July 9 letter. The parties, however, conferred by telephone on July 15, 2008. Plaintiffs' counsel, Patrick Robson, voiced concerns regarding burden associated with the discovery sought. In particular, Mr. Robson said that he believed that there was some overlap between the discovery sought in the Action and that sought in the SDNY Action. As a result, VCG agreed to reevaluate its requests in light of the discovery sought in the SDNY Action.

VCG provided a revised discovery proposal by letter on July 22, 2008, in which it offered to coordinate some of the proposed discovery in this Action with anticipated depositions and document production in the SDNY Action. *See* Exhibit C. As with its July 9 letter, VCG received no written response from plaintiffs. The parties conferred again by telephone on July 24, 2008, at which point Mr. Robson stated that plaintiffs would not agree to any discovery in connection with the Motion, taking the position that the discovery sought by VCG was (i) unnecessary to oppose the Motion, (ii) burdensome, and (iii) meant to undermine the discovery

{00374484.DOC;}

The Honorable Laura Taylor Swain
July 30, 2008
Page 4

on the merits. Plaintiffs' counsel followed up by e-mail on July 28, 2008 noting plaintiffs' opposition to VCG's request for discovery. *See* Exhibit D.

We respectfully submit that plaintiffs' position is meritless and unreasonable because: (i) the discovery sought is limited to the discrete, dispositive, issue presented by the Motion, and (ii) VCG has offered to coordinate—to the extent possible—any "overlapping" discovery with the SDNY Action. The dispositive issue related to the Motion is clearly disputed and the facts related to this issue are primarily in plaintiffs' possession. Despite these facts, plaintiffs refuse to consent to any discovery by VCG in connection with their Motion. This position is contrary to controlling law. VCG should be permitted to conduct discovery in connection with its opposition to the Motion, because:

1. Fed. R. Civ. P. 65 clearly contemplates discovery conducted in connection preliminary injunction motions. *See, e.g., Davis, et al. v. Hernandez, et al.*, 166 F.3d 432, 438 (2d Cir. 1999) ("motions for preliminary injunction should not be resolved on the basis of affidavits that evince disputed issues of fact"); *Fengler, et al. v. Numismatic American, Inc., et al.*, 832 F.2d 745 (2d Cir. 1987) (holding that "on a motion for preliminary injunction, where essential facts are in dispute, there must be a hearing and appropriate findings of fact must be made . . . A party against whom an injunction is sought will be found to have waived its right to a hearing only where the party was demonstrably 'content to rest' on affidavits submitted to the court."); 11 Wright & Miller, Fed. Prac. & Proc., § 2949 (2008) ("[I]f there is a factual controversy, oral testimony is preferable to affidavits because of the opportunity it provides to observe the demeanor of the witnesses. Accordingly, a motion for preliminary injunction supported only by written evidence usually will be denied when the facts are in dispute.").

2. The Federal Arbitration Act specifically provides that "[i]f the making of the arbitration agreement . . . be in issue, the [district] court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. While VCG has yet to file a motion to compel arbitration—based on its view that the Court should quickly dispose of plaintiffs' frivolous Motion—should it be necessary VCG will file the necessary motion such that the appropriate discovery and trial take place expeditiously.

Accordingly, VCG respectfully requests the opportunity to conduct discovery regarding the facts necessary to demonstrate its customer relationship with WCM for purposes of the FINRA Rules.

**Pre-Trial Conference with the Court**

A pre-trial conference with the Court is presently scheduled for August 15, 2008 at 12:00 p.m. The parties conferred preliminarily regarding the pre-trial statement on July 24, 2008 as required by Your Honor's July 7, 2008 Initial Conference Order. During this conference, I informed plaintiffs' counsel that I have a previously planned family vacation scheduled for the week of August 11, 2008 and, as a result, would be unable to attend the August 15 conference.

{00374484.DOC;}

The Honorable Laura Taylor Swain
July 30, 2008
Page 5

In light of this personal commitment, I requested as a matter of professional courtesy that plaintiffs consent to seek an adjournment of the conference. Plaintiffs refused to consent to my request based on the (i) unresolved discovery issue noted above related to the Motion, and (ii) their purported desire to move the case along. Plaintiffs' counsel also stated that he did not want VCG to "undermine" or "delay" discovery on the merits by a short adjournment of the conference. Plaintiffs' position is again meritless. First, the limited discovery sought by VCG on the narrow issue presented by the Motion has no relevance to the timing of the pre-trial conference. Second, a short adjournment of the conference cannot realistically prejudice plaintiffs when the Arbitration is already stayed by agreement of the parties pending resolution of the Motion. While I very much regret burdening the Court with this issue, we respectfully request that the pre-trial conference be adjourned to a date subsequent to August 15, 2008.[3]

Should the Court feel it is necessary, we are available at its convenience to discuss these issues.

Respectfully submitted,

*Joshua H. Epstein/ASG*

Joshua H. Epstein

cc: Shawn Patrick Regan, Esq. (via e-mail)
Patrick L. Robson, Esq. (via e-mail)

Attachments

> The Court has reviewed the foregoing letter and Plaintiffs' July 31, 2008 response.
>
> The conference is adjourned to September 5, 2008, at 11:00 AM. The application for motion-related discovery will be addressed at that time.

SO ORDERED.

_____ 8/11/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

---

[3] We note that plaintiffs' counsel indicated during our July 24 conference that he has a scheduled vacation during the week of August 18, 2008.

{00374484.DOC;}